

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2024
OCTOBER 29, 2024 SESSION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-cr-00172

           31 U.S.C. § 5324(a)(3)
           18 U.S.C. § 641
           18 U.S.C. § 1957
           18 U.S.C. § 2

WENDY ANN THOMAS

## INDICTMENT

The Grand Jury Charges:

### COUNTS ONE THROUGH EIGHTEEN

On or about the dates listed below, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant WENDY ANN THOMAS and other persons both known and unknown to the Grand Jury, aided and abetted by one another, structured and assisted in structuring transactions with one or more domestic financial institutions, that is, an issuer, redeemer, and cashier of travelers' checks, checks, money orders, and similar instruments, for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a) and 31 U.S.C. § 5325 and any regulation prescribed under any such section, the reporting and recordkeeping requirements imposed by any order issued under 31

U.S.C. § 5326 and the recordkeeping requirements imposed by any regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508, that is, the purchase of the following money orders, each transaction constituting a separate count:

| Count | Money Order Serial Number | Amount | Date of Purchase |
|---|---|---|---|
| 1 | 19-189688998 | $1,000 | 01/02/2021 |
| 2 | 19-189688999 | $1,000 | 01/02/2021 |
| 3 | 19-189689000 | $1,000 | 01/02/2021 |
| 4 | 19-189689001 | $1,000 | 01/02/2021 |
| 5 | 19-189689002 | $1,000 | 01/02/2021 |
| 6 | 19-189689003 | $1,000 | 01/02/2021 |
| 7 | 19-189689048 | $1,000 | 01/04/2021 |
| 8 | 19-186989049 | $1,000 | 01/04/2021 |
| 9 | 19-189689050 | $1,000 | 01/04/2021 |
| 10 | 19-189689051 | $1,000 | 01/04/2021 |
| 11 | 19-189689052 | $1,000 | 01/04/2021 |
| 12 | 19-189689053 | $1,000 | 01/04/2021 |
| 13 | 19-220971380 | $1,000 | 01/29/2021 |
| 14 | 19-220971381 | $1,000 | 01/29/2021 |
| 15 | 19-220971382 | $1,000 | 01/29/2021 |
| 16 | 19-220971383 | $1,000 | 01/29/2021 |
| 17 | 19-270889340 | $1,000 | 06/02/2021 |
| 18 | 19-270889341 | $1,000 | 06/02/2021 |

In violation of Title 31, United States Code, Section 5324(a)(3) and Title 18, United States Code, Section 2.

## **COUNT NINETEEN**

On or about June 22, 2021, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant WENDY ANN THOMAS aided and abetted another person unknown to the Grand Jury, who embezzled, stole, purloined, and knowingly converted to her use and the use of another, and without authority, sold, conveyed and disposed of any record, voucher, money, and thing of value of the United States or of any department or agency thereof, and any property made or being made under contract for the United States or any department or agency thereof, that is, $20,833 in United States currency deposited into a checking account held by defendant WENDY ANN THOMAS and representing the proceeds of a fraudulent Paycheck Protection Program loan backed by the United States Small Business Administration and issued for the benefit of J.L.M.

In violation of Title 18, United State Code, Sections 641 and 2.

## COUNT TWENTY

On or about June 23, 2021, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant WENDY ANN THOMAS and other persons both known and unknown to the Grand Jury, aided and abetted by one another, knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, a cash withdrawal of $17,000 in United States currency from a bank account held by defendant WENDY ANN THOMAS, and which in fact was derived from a specified unlawful activity, that is, the theft of public funds from a fraudulent Paycheck Protection Plan loan backed by the United States Small Business Administration in violation of 18 U.S.C. § 641.

In violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF FORFEITURE

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 28 U.S.C. 2461, 31 U.S.C. § 5317(c)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.

Upon conviction of an offense in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2 of this indictment, the defendant WENDY ANN THOMAS shall forfeit to the United States of America, pursuant to 31 U.S.C. § 5317(c)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and Rule 32.2 of the Rules of Criminal Procedure, upon a conviction of an offense in violation of 18 U.S.C. §§ 641 and 2, the defendant WENDY ANN THOMAS shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to touch property.

Pursuant to 18 U.S.C. §§ 981(a)(1) and 982(a)(1), 28 U.S.C. § 2461 and Rule 32.2 of the Rules of Criminal Procedure, upon conviction of an offense in violation of 18 U.S.C. § 1957 and 2, the defendant, WENDY ANN THOMAS shall forfeit to the United States

of America any property, real or personal, involved in such offense, and any property traceable to such property.

The property to be forfeited includes, but is not limited to, the following, for which the United States will seek a money judgment in the amount of at least $38,833.00 in United States currency.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property, which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 19 U.S.C. § 982(a)(1), 21 U.S.C. § 853, 28 U.S.C. 2461, 31 U.S.C. § 5317(c)(1).

                                WILLIAM S. THOMPSON
                                United States Attorney

By: _____
      JONATHAN T. STORAGE
      Assistant United States Attorney